[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10937
Non-Argument Calendar

_____

D. C. Docket No. 06-20456-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELLE JOHNSON,
a.k.a. Michelle Felder,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2009)

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

Michelle Johnson appeals the district court's order partially granting her pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), but implicitly denying her request to be sentenced below her amended guideline range. Johnson's § 3582(c)(2) motion was based on Amendment 706 (later amended by Amendment 711) to the Sentencing Guidelines, which reduced the base offense level for crack cocaine offenses by two levels. On appeal, Johnson argues that the district court erred in not reducing her sentence below her amended guideline range. Although U.S.S.G. § 1B1.10(b)(2)(A) purports to limit a district court's authority to grant such a reduction, Johnson contends that this section, like all other provisions of the Sentencing Guidelines, was rendered advisory by the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

We "review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Nevertheless, any such sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "the court shall

2

not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Johnson's arguments are foreclosed by precedent. In United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664), we held that Booker applies only to original sentencing proceedings and is not applicable to proceedings under 18 U.S.C. § 3582(c)(2). Consequently, a district court is bound by the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(A). Id.

In this case, the district court found that Johnson had an amended guideline range of 41 to 51 months, and resentenced her to the low end of that range, 41 months. Johnson's request for a further sentence reduction below her amended guideline range was precluded by U.S.S.G. § 1B1.10(b)(2)(A) and by our court's opinion in Melvin. Therefore, the district court did not err in declining to resentence Johnson below her amended guideline range.

**AFFIRMED.**